FRANK, *Plaintiff in Error*, v. DRENKHAHN.

**Deed to Joint Stock Company**: SUBSEQUENT CORPORATION. A conveyance was made to A. B. & C., "directors of the St. Louis & Birmingham Iron Mining Company, and their successors in office, in special trust for the use of the shareholders in said company," which was a joint stock company. Subsequently the members of this company were created a corporation under the name of the St. Louis & Birmingham Iron Mining Company. *Held*, that in the absence of any conveyance from A. B. & C., or from the shareholders in the joint stock company, the corporation never acquired title to the land held by the joint stock company under the foregoing deed.

*Error to Cape Girardeau Circuit Court.*—HON. D. T. HAWKINS, Judge.

AFFIRMED.

*John A. Harrison* for plaintiff in error.

*J. Perry Johnson* for defendant in error.

A conveyance to a fictitious grantee is void. *Douthitt v. Stinson*, 63 Mo. 268; *Arthur v. Weston*, 22 Mo. 383; *Jackson v. Cory*, 8 Johns. 385; *German Land Asso. v. Scholler*, 10 Minn. 338. A grant to a corporation which has not been created or organized in pursuance to law, would be void for want of a grantee. 2 Washburn on Real Property, (2 Ed.) 589; *Thomas v. Boerner*, 25 Mo. 27; *Thomas v. Wyatt*, 31 Mo. 188; *Muskingum Valley Turnpike Co. v. Ward*, 13 Ohio 120. A deed to a partnership, as such, is not good. If the names of some of the partners are mentioned, those so named will be considered the grantees, and held in trust for themselves and their associates. *Beaman v. Whitney*, 20 Me. 413; *Arthur v. Weston*, 22 Mo. 378. So a sale of land to a pretended corporation, where there has been no grant of power for the creation of such corporation, passes no title from the grantor, and the land remains his. *Harriman v. Southham*, 16 Ind. 190. And a grant

to the inhabitants of a town not incorporated is void. *Hornbeck v. Westbrook*, 9 Johns. 73.

HOUGH, C. J.—This is an action of ejectment. The plaintiff based his right to recover upon a paper title, and also upon a title claimed to have been acquired by him by adverse possession. The cause was tried by the court, without the aid of a jury, and the finding and judgment were for the defendants. The testimony relating to the adverse possession of the plaintiff was conflicting, and as no instructions appear to have been asked, given or refused, there is nothing for us to review as to that claim of title.

As to the paper title, both parties claimed under one John Scudder. The plaintiff offered in evidence a deed from said Scudder, dated June 8th, 1848, to Henry King, William C. Rogers, Joseph D. Learned, Zadic Casey and Charles M. Vallian, " directors of the St. Louis & Birmingham Iron Mining Company, and their successors in office in special trust for the use of the shareholders in said company." The "St. Louis & Birmingham Iron Mining Company," was not at that time a corporation, but was a joint stock company formed under articles of association entered into on July 26th, 1847. On the 27th day of February, 1849, the members of said joint stock company were duly incorporated by act of the legislature under the name and style of the "St. Louis & Birmingham Iron Mining Company." In 1854 certain judgments were rendered against the corporation known as the "St. Louis & Birmingham Iron Mining Company," under which the property sued for was sold, and the plaintiff and others became the purchasers thereof, and the plaintiff subsequently acquired the rights of the other purchasers. The court excluded the articles of association and the act of incorporation, when they were offered in evidence, and the plaintiff assigns this action of the court as error. No conveyance was offered in evidence from the grantees in the deed executed by Scudder, or from the shareholders

in the joint stock company, to the corporation against which the judgments were rendered, and it is quite plain that the corporation never acquired any title to the property purchased by the plaintiff and others at execution sale. The plaintiff was not injured, therefore, by the action of the court in excluding the articles of association, or the act of incorporation, and the plaintiff having failed to connect himself with the legal title conveyed by Scudder, the judgment of the circuit court will be affirmed. The other judges concur.