THE CATHOLIC CHURCH, *at the City of Lexington*, v. TOBBEIN *et al., Appellants.*

1.   **Corporation**: EXISTENCE DE JURE, HOW DETERMINED.   Whether or not a corporation exists *de jure*, cannot be determined in a collateral proceeding, if it appear to be acting under color of law and recognized by the State as such.   The question of its being must be raised by the State itself on a *quo warranto* or other direct proceeding; and this is the case, although the act incorporating it or authorizing its incorporation is violative of the constitution of the State.

2.   **Constitution**: RELIGIOUS CORPORATION.   Under section 8, article 2 of the present constitution, there can be no incorporation in this State of a church for a religious or other purpose, except such as may be created under a general law for the sole purpose of holding title to such real estate as may be prescribed by law for a church edifice, parsonage and cemetery.

3.   **Church Organization**: INCORPORATION.   A church organization for religious purposes, continues after the incorporation of the religious body for the purpose for which such incorporation is authorized by the constitution.

4.   **Church**: WILL: INCORPORATION.   A testator willed certain real and personal estate to the Catholic Church at the city of Lexington. Subsequently and after the taking effect of the will, the plaintiff was incorporated under the same name as that of the church organization, which name it seems to have adopted with reference to the provisions of the will.   *Held*, the plaintiff, by its incorporation, did not acquire any of the property rights of the Catholic Church organization at the city of Lexington.   Whether or not the church at Lexington, as distinguished from the corporation of that name, can receive and hold the property bequeathed and devised to it, can be determined only in a suit instituted by that church.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED.

*Smith & Krauthoff* with *Broaddus & Davis* for appellants.

1. The attempted incorporation of the plaintiff was void. Const., art. 2, § 8; *State v. Patten,* 62 Mo. 444; *State v. Holladay,* 66 Mo. 385; *Fusz v. Spaunhorst,* 67 Mo. 256; *State v. Railway Co.,* 74 Mo. 163; *State v. Van Every,* 75 Mo. 530; *Chicora Co. v. Crews,* 6 Rich. (N. S.) 243, 275; *Endowment Co. v. Satchwell,* 71 N. C. 111. The rule that the State alone can question its corporate existence, has no application except in cases where there is a *de facto* corporation and the regularity of its organization, or where the power of a legally organized corporation to do a given act or to make a certain contract is at issue. Here, no corporation *de facto* is shown to exist. *Methodist Church v. Pickett,* 19 N. Y. 482; *Slocum v. Warren,* 10 R. I. 124; *People v. Phœnix Bank,* 24 Wend. 431; Abb. Trial Ev., p. 20, § 5. And where, as here, the attempted incorporation is absolutely void, the objection can be made by any one. *Heaston v. Railroad Co.,* 15 Ind. 275; *Snyder v. Studebaker,* 19 Ind. 462; *South Ottawa v. Perkins,* 94 U. S. 260, 267; *St. Louis Drug Co. v. Squires,* 81 Mo. 18. 2. But even if it is held that the corporate existence of the plaintiff cannot be raised in this proceeding, yet its power to take under the will is open to inquiry—the plaintiff already holds all the property which the constitution permits it to hold, and it stands incapacitated from taking in excess thereof. *Blair v. Ins. Co.,* 10 Mo. 559, 565; *Hann. & St. J. R. R. Co. v. Marion Co.,* 36 Mo. 294, 303; *Bank of Louisville v. Young,* 37 Mo. 398; *Coleman v. S. R. T. R. Co.,* 49 Cal. 517, 522; *State v. Commissioners,* 3 Zab. 510; *State v. Newark,* 1 Dutch. 315; Green's Brice's Ultra Vires, (2 Ed.) p. 29, note a. And this

point may be insisted on by any person interested in the estate. *Harris v. Bible Society*, 2 Abb. N. Y. Dec, 316; *Bridges v. Pleasants*, 4 Ire. Eq. 26; *Chamberlain v. Chamberlain*, 43 N. Y. 439; *U. S. v. Fox*, 94 U. S. 315. 3. The plaintiff has no interest in this property, for it was not incorporated until long after Tobbein's death, and there is no conveyance to it from the incorporated church referred to. *Frank v. Drenkhahn*, 76 Mo. 508. 4. The devise to the church is void, because to an artificial body not *in esse* at the date of the testator's death. It cannot be upheld as a charitable use. This comprises both a valid trust and a use for a purpose declared charitable in law. No other can be upheld as a charitable use either under the statute of 43 Elizabeth or the general powers of a court of chancery. 2 Story Eq. Jur., (12 Ed.) § 979 a; *Owens v. Missionary Society*, 14 N. Y. 380, 406; *Downing v. Marshall*, 23 N. Y. 356, 382; *Dashiel v. Att'y Gen'l*, 5 Har. & Johns. 400; *Sherwood v. Bible Society*, 1 Keyes 561, 566; *Grimes v. Harmon*, 35 Ind. 198, 204. In this will, no trustee is appointed in the first stead—the executor not being such. *Holmes v. Mead*, 52 N. Y. 334; *Bascom v. Albertson*, 34 N. Y. 584. Nor can the devisee be said to be the trustee, for the estate devised is unlimited and absolute, and claimed as such; in such a case there can be no trust. *Gibbs v. Rumsey*, 2 Ves. & B. 297; *Fowler v. Garlike*, 1 Russ. & Myl. 232; *Meredith v. Heneage*, 1 Simon 542. To uphold a devise as a charitable use, the will itself must define a charity and limit to such a use. 2 Story Eq. Jur. (12 Ed.) §§ 1155, 1158; *Morice v. Bishop of Durham*, 9 Ves. 399; *s. c.* 10 Ves. 522. Nor does it appear that the objects of the plaintiff are such that the use would be a public one in its nature. *Atty. Genl. v. Hewer*, 2 Vern. 387; *Ommancy v. Butcher*, 1 Turn. & Russ. 260; *Sherwood v. Bible Soc., supra*; 2 Story Eq. Jur. (12 Ed.) § 1183; 2 Perry on Trusts, (3 Ed.) § 710. The fact that plaintiff is a church or a religious society does not obviate these objections. *Owens v. Missionary Society*, 14 N. Y. 380, 385, 411; *Heiss v. Murphy*, 40 Wis. 276. A society whose

benefits and benevolence are confined exclusively to its own members, is not a charitable use. *Babb v. Reed*, 5 Rawle 151, 158; *Swift v. Eaton Society*, 74 Pa. St. 362; *Att'y Gen'l v. Federal Street Meeting House*, 3 Gray 1, 44 to 52. In this case the question of the character of the property, whether real or personal, and if the latter, whether pure or impure, is immaterial. *Gibbs v. Rumsey*, 2 Ves. & B. 294; *Ackroyd v. Smith*, 1 Brown's Ch. 503; *Baptist Church v. Robberson*, 71 Mo. 326, 331. This testator having evidently intended to designate a specific object of his bounty and not declared a general charitable intention, as the bequest cannot vest in the first instance, a court of equity has no power to appoint or substitute a donee—not even if it had the power of *cypres.* 2 Perry on Trusts, (3 Ed.) § 726. 5. Nearly all of the cases cited by respondent are not open to these objections, and are plainly distinguishable from the case at bar. 6. The estate devised to the church, if the will was valid in the first instance, was a contingent remainder, the remainder being uncertain and not then *in esse,* (1 Broom & Hadley's Com.) (Wait's Ed.) pp. 623, 624, 627, 628; 2 Greenl. Cruise, 202, 249; *Williamson v. Field*, 2 Sandf. Ch. 533; and as the life estate of the widow was destroyed by the renunciation of the will by her, this contingent remainder being left without an intervening estate to support it, was thereby destroyed, and the property goes to the next of kin. 2 Washb. Real Prop. (4 Ed.) pp. 541, 542, 548, 569, 608, 609; 2 Blackst. Com. 169; 4 Kent's Com. 202, 208; *Hall v. Nute*, 38 N. H. 422; *Hayes v. Tabor*, 41 N. H. 521. This clause of the will cannot be sustained as an executory devise. It has none of the elements of such an estate. 4 Kent's Com. 270; 24 Pick. 155; *Wead v. Gray*, 78 Mo. 60; *Gould v. Orphan Asylum*, 46 Wis. 117; *Inglis v. Snug Harbor*, 3 Peters 99, 115, and Judge Story's opinion, pp. 150, 151, 152 and cases cited.

*Mansur & McLaughlin* and *Alex. Graves* for respondent.

The objection that the respondent was not incorpo-

rated at the date of the will and that, therefore, the devise must fail is untenable upon the best authority, and this for the reason that the devise in question is for a charitable or pious use which at common law was good, although the devisee was unincorporated. *Evangelical Association's Appeal*, 35 Pa. St. 316; *Pickering v. Shotwell*, 10 Pa. St. 23; *Zeiswiss v. James*, 63 Pa. St. 465; *Zimmerman v. Anderson*, 6 Watts. & Serg. 218; *Bethlehem v. Perseverance Co.*, 81 Pa., 457; *Curling v. Curling*, 8 Dana (Ky.) 38; *Cabell v. Bigger*, 8 B. Monroe, 211; *Burr v. Smith*, 7. Vt. 276; *Stone v. Griffin*, 3 Vt. 400; *Smith v. Nelson*, 18 Vt. 511; *Gould v. Orphan Asylum*, 46 Wis. 115; *Dodge v. Williams*, 46 Wis. 72; *Beatty v. Kurtz*, 8 Curtis 212; *Vidal v. Girard*, 2 How. 197; *Paulet v. Clark*, 9 Cranch.; *Inglis v. Snug Harbor*, 3 Pet. 99; *Estate of Benjamin Ticknor*, 13 Mich. 55; *Everett v. Carr*, 59 Me. 33; *Swasy v. Am. Bible Soc'y*, 57 Me. 523; *Preachers' Aid Soc'y v. Rich*, 45 Me. 552; *DeCamp v. Dobbins*, 29 N. J. Eq. 50; *Duke v. Fuller*, 9 N. H. 538; *Parker v. Carroll*, 16 N. H. 149; *Tucker v. Seaman's Aid Soc'y*, 7 Met. (Mass.) 188. The validity of a will depends not upon the law in force at the time when signed, but at the time when the testator's death occurs. *De Peyster v. Clendening*, 8 Paige 295; *Doubleday v. Newton*, 27 Barb. 431; *Dodge v. Williams*, 46 Wis. 106. The objection of appellants is not sound that the law of Missouri does not authorize the incorporation of respondent, and that the provisions of chapter 21 of R. S. 1879, so far as the same applies to such bodies as the respondent, are violative of the state constitution and therefore void. Cons. of Mo. of 1875, § 8, Art. 2; §§ 8, 11, Art. 12; R. S. 1879, §§ 706, 707, 974, 977; *Burr v. Smith*, 7 Vert. 281; 2 Kent Com. (12 Ed.) 282; *Chambers v. St. Louis*, 29 Mo. 575. Section 13, article 1 of constitution of 1865 has been wholly abrogated by the constitution of 1875, which has left the matter concerning personal property where it was at common law. If a corporation in holding and purchasing real estate exceeds her powers, it is for the government to exact a forfeiture of her

charter. *Chambers v. St. Louis*, 29 Mo. 576; *City of Jefferson v. Curry*, 71 Mo. 86; *Martindale v. Railroad Co.*, 60 Mo. 508; *Jones v. Hobersham*, 107 U. S. 188. The testator really left nothing but personality. Where the whole scope and tenor of a will, as here, demonstrates that the power of sale of land named therein is mandatory, it will be considered a will of personalty. *Gould v. Orphan Asylum*, 46 Wis. 117; *Taylor v. Benham*, 16 Curtis 387; *Peter v. Beverly*, 10 Peters 532; 3 Wheat. 563; 5 Paige 318; *Bogert v. Hertell*, 4 Hill 495; *Seymour v. Freer*, 8 Wall. 214; 1 Scribner on Dower 429. The devise is not avoided by the act of the testator's widow in renouncing the provisions of the will.

HENRY, J.—Plaintiff, as a corporation, instituted this suit in the circuit court of Caldwell county to establish a certain paper writing, as the last will and testament of Ilett Tobbein, deceased, which having been offered for probate to the probate court of Caldwell county was rejected. This cause was taken by change of venue to the circuit court of Livingston county, where plaintiff obtained a judgment, from which defendants have appealed.

Ilett Tobbein died in September, 1879, leaving as his last will and testament the paper writing in question, which contained the following devises and bequests, viz.: To his wife, if she survived him, a life interest and estate in and to all his property, consisting of real estate and personalty, with full power to manage, control and use it, during her life, and, at her death, to her legal heirs one half of all of his estate, and the other and remaining half to the Catholic Church at the city of Lexington, in the State of Missouri. The other dispositions of his property, were upon condition that he survived his wife, and, she having survived him, it is not necessary to notice them. Before the institution of this suit, Mrs. Tobbein renounced the provisions of the will, and made her election to one-half of the estate absolutely.

Tobbein left no issue, and defendants are his widow and heirs at law.

One of the principal questions discussed by the briefs of counsel relates to the corporate existence of the plaintiff, which was put in issue by the answer.

In the *The City of St. Louis v. Shields*, 62 Mo. 252, this court expressly sanctioned the doctrine laid down by Judge Cooley in his work on Constitutional Limitations, page 254, that whether a corporation exists *de jure* or not, its existence cannot be questioned in a collateral proceeding, if it appear to be acting under color law, and recognized by the State as such. The question of its being must be raised by the State itself, on a *quo warranto* or other direct proceeding; and this, although the act incorporating it, or authorizing its incorporation, is violative of the constitution of the State.

But there is another question decisive of the case against plaintiff if answered in the negative, viz : Did the incorporation of the plaintiff vest in it the property rights of the Catholic Church at the city of Lexington? The will took effect before plaintiff was incorporated and the provision in Tobbein's will was for the Catholic Church at Lexington, and not to the plaintiff corporation, which it seems adopted its name with reference to that provision of the will, and stands upon no better footing in this controversy than if it had a different corporate name. The Catholic Church at Lexington did not lose its existence or organization in the incorporation of the plaintiff by the same name. Our constitution provides that : " No religious corporation can be established in this State, except such as may be created under a general law for the purpose only of holding the title to such real estate as may be prescribed by law for church edifices, parsonages and cemeteries." Const. 1875, art. 2, § 8. There can, therefore, be no incorporation of a church for religious or other purposes in this State, except only for the sole purpose of holding the title to such real estate, and the quality as may be prescribed by general law

for a church edifice, a parsonage and a cemetery, and consequently the church organization for religious purposes must continue after the incorporation of the religious body for the sole purpose for which such incorporations are authorized by the constitution. The plaintiff did not acquire by its incorporation any of the property rights of the Catholic Church at the city of Lexington, and, therefore, cannot maintain this action. The case of *Frank v. Drenkhahn*, 76 Mo. 508, is directly in point. Whether the Catholic Church at Lexington, as distinguished from the corporation of that name, can receive and hold the property bequeathed and devised to it by Tobbein can be determined only in a suit instituted by that church. The judgment is reversed. All concur except HOUGH, C. J., absent.