694

**COWAN et al. v. TIPTON et al.**

**Civ. A. No. 104.**

District Court, E. D. Tennessee, S. D.

March 21, 1941.

R. R. Kramer and Charles E. McNabb, both of Knoxville, Tenn., for plaintiffs.

Joel H. Anderson, of Knoxville, Tenn., for defendants.

DARR, District Judge.

The questions for determination are presented by separate motions of several of the parties in interest seeking to have stricken and dismissed an answer and cross-complaint filed by Mary Lee Moore. The motions are all of substantially the same tenor and will be all disposed of by this decision.

From the record it appears that Mary Lee Moore is not one of the original parties and that she seeks to become an intervening party by simply filing an answer and a cross-complaint.

No order of the court has been had or sought to make her an intervening party.

Under Rule 24 of the Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A. following section 723c, there are very plain provisions as to the conditions under which a person may become an intervening party and very plain provisions as to the procedure necessary to obtain the permission to become such party.

In all cases there must be a motion to intervene and notice for a hearing on the motion given to all parties affected. The motion shall state the grounds upon which the intervention is claimed and must be accompanied by a pleading setting forth the claim or defense for which the intervention is sought. The court must act on such motion and an order go down reciting the court's action. In re Finger Lakes Land Co., Inc., D.C., 29 F.Supp. 50. Moore's Federal Practice Under the New Rules, Vol. 2, pp. 2367–2369, Ibid. Pocket Supplement, Vol. 2, 43.

It is plain that a person cannot become an intervening party on his own motion. This is true whether his right to become such party is conditional or unconditional. It is for the court to determine this question after reviewing the facts as reflected in the motion and in the pleadings accompanying the motion.

Mary Lee Moore has not complied with the Rule in any respect and her answer and cross-complaint has no place in the record.

All the motions made in this respect are sustained and the answer and cross-complaint of Mary Lee Moore are stricken.