STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION OF MISSOURI
(Plaintiff), Respondent,

v.

E. G. HUDSPETH et al., Defendants,

Town of Norwood Court (Intervenor),
Appellant.

No. 29798.

St. Louis Court of Appeals.

Missouri.

June 14, 1957.

Motion for Rehearing and Clarification of
Opinion Denied July 18, 1957.

Erwin F. Vetter, E. Gary Davidson, Jr., Clayton, for appellant.

Robert L. Hyder, Wilkie Cunnyngham, Bruce Ring, Minor C. Livesay, Jefferson City, Roscoe C. Summers, Richmond Heights, for respondent.

HOUSER, Commissioner.

This condemnation proceeding, originally appealed to the Supreme Court, was transferred to this court for lack of jurisdiction. State of Missouri ex rel. State Highway Commission of Missouri v. Hudspeth Mo.Sup., 297 S.W.2d 510.

The substance of the petition for condemnation and of appellant's proposed answer and the whole of appellant's motion to intervene appear in the opinion of the Supreme Court and need not be repeated here.

The sole question for decision, as delimited by the opinion of the Supreme Court, is whether on the face of the record appellant Town of Norwood Court, a municipal corporation, has an absolute and unconditional right to intervene in this proceeding. Appellant asserts such a right by virtue of paragraph 1 of § 507.-090.[1] Respondent highway commission contends that the appeal is premature and must be dismissed and that the trial court

---

1. All citations of § 507.090 refer to RSMo 1949, V.A.M.S.

correctly denied the motion to intervene because neither the motion nor the proposed answer states facts sufficient to come within the mandatory provisions of the intervention statute, § 507.090, paragraph 1.

■ Respondent contends that the appeal is premature for the reason that a party whose motion to intervene has been denied can appeal only if the judgment forecloses the rights of the party. The question raised is not purely a procedural one. The merits and the procedural question are so interwoven that they must be unraveled at the same time. The solution of the one necessarily determines the other, as a result of which the appeal should not be dismissed as premature. Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841, loc. cit. 844.

No evidence having been heard on the motion to intervene the issue of intervention must have been determined on the face of the pleadings. From the pleadings it appears that appellant town bases its right to intervene upon these allegations: that the public interest, safety and welfare of the citizens of the municipality, of the town itself, and of St. Louis County are involved; that Ordinance No. 15 of the town will be violated and its validity drawn into question and that the town will be bound by a judgment or order in the action adversely affecting these interests and that the representation by the actual parties to the condemnation proceeding is likely to be wholly inadequate.

The mandatory paragraph of the intervention statute, § 507.090, follows:

"1. Upon timely application anyone shall be permitted to intervene in an action

"(1) When a statute confers an unconditional right to intervene; or

"(2) When the representation of the applicant's interest by existing parties is or may be inadequate and the aplicant is or may be bound by a judgment in the action; or

"(3) When the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

These provisions have no application to this appellant in this proceeding for the following reasons:

■ Research reveals no statute conferring upon a municipal corporation an unconditional right to intervene in a condemnation action between the state at the relation of the highway commission and the owners of private property located within the municipality. Subparagraph (1) therefore has no application.

■ There is no "property in the custody of the court or of an officer thereof" to be distributed or disposed of to the prejudice of appellant in this proceeding. Subparagraph (3) therefore has no application.

■ The only remaining subparagraph under which appellant can claim an absolute and unconditional right to intervene is subparagraph (2) but in the instant situation neither of the conditions exists which must be present in order for it to apply. Appellant has no "interest" in the proceeding entitling it to representation. The object and purpose of *this* proceeding is to acquire certain lands and rights for highway purposes and to fix or determine the price at which the highway commission can take the property and rights sought. City of St. Louis v. Dietering, Mo.App., 27 S.W.2d 711. The judgment sought is one which will establish the damages and permit the highway commission to acquire the property by paying the amount thus established to the landowners or into court for them. Its purpose is not to establish the route or authorize construction. Appellant town would not be affected or bound by the judgment, unless it had some interest in or right or title to the property involved. Neither in its motion nor in its proposed

answer does appellant allege or claim any right, title or interest in any of the property sought to be condemned. If appellant town has a justiciable interest in the protection of the "lives, property, safety and general welfare" of its citizens arising out of the manner in which it is proposed that the highway be constructed, the assertion of that interest in *this* proceeding would be inappropriate. If it could be shown that appellant had such an interest or a legally enforceable right that would be prejudiced by the *construction* of the highway it would not follow that such interest or right would be affected by the mere acquisition of the right of way or the entry of a judgment fixing the price tag. The lives, property, safety and general welfare of the citizens of the town could not be in any manner affected by the latter proceedings. Appellant would not be "bound by a judgment in the action" for yet another reason, namely, that it was not a party thereto. Pine Lawn Bank & Trust Co. v. City of Pine Lawn, Mo.Sup., 285 S.W.2d 679, loc. cit. 685. Furthermore, the "representation of the applicant's interest" referred to in subparagraph (2) relates to representation with respect to an issue *in the case* and not to new issues which the applicant desires to bring into the case. Applicants to intervene may not inject new issues foreign to the issues in the original action. Pine Lawn Bank & Trust Co. v. City of Pine Lawn, supra. Appellant was not entitled to be represented with respect to the issues contained in its proposed answer because those issues were new and not within the ambit of the pleadings of the original parties. Appellant has not shown any relationship to the pending controversy that would entitle it to a right to intervene under the mandatory provisions of the intervention statute.

Nor can we say that appellant's asserted interest can be preserved or enforced only by permitting intervention in the pending cause. See City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23, loc. cit.

27 [1]; State ex rel. Farmers Mutuals Auto Ins. Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318, loc. cit. 321 [1]. Intervention in *this* proceeding would be both inappropriate and unnecessary. If appellant has any right to interfere with the construction of the highway (a question on which we venture no opinion) it could file an independent action for that purpose.

In the sixth paragraph of the motion to intervene appellant town claims to be a governmental subdivision of the state and employs language designed to invoke subparagraph (4) of paragraph 3 of the intervention statute, § 507.090. This subparagraph in part says that in proceedings where the validity of an ordinance of any governmental subdivision of the state affecting the public interest is drawn into question the governmental subdivision "may in the discretion of the court be permitted to intervene * * *." Any question concerning the propriety of the action of the trial court in this connection, however, is outside the scope of the issues on this appeal. Appellant did not preserve for review the point that the lower court abused its discretion in denying the motion to intervene. The point properly preserved related only to the failure of the court to follow the mandate of paragraph 1 of § 507.090. There is no showing of any abuse of discretion on the part of the trial court. Therefore its exercise of discretion would not have been interfered with on appeal even if the question had been properly preserved.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.

On Appellant's Motion for Rehearing and Clarification of Opinion

HOUSER, Commissioner.

■ Appellant's motion for rehearing asserts that we overlooked the allegation of appellant's proposed answer that the highway commission "is without power to condemn and destroy complete and total access, ingress and egress to land abutting a public street or highway and that in this proceeding plaintiff is attempting to obstruct and destroy all ingress and egress to the property abutting said proposed highway and thereby prevent normal intercommunication between the citizens of one part of the Town of Norwood Court and the other and thereby prevent the movement of police vehicles, fire apparatus and school children from one section of the Town to the other and that accordingly this proceeding is in violation of law and in violation of the constitutional provisions hereinbefore set forth," and that the highway commission has no constitutional power under §§ 29 and 31, Article IV, Constitution of Missouri, 1945, V.A.M.S., to maintain a proceeding in condemnation by which it seeks to restrict, limit or prohibit access to a highway located within a municipality, that power being vested exclusively in the municipality under § 31 of Article IV, Constitution of Missouri, 1945.

We considered the allegation in question but determined then and now state that the powers of the highway commission to maintain this condemnation proceeding are not before us on this review. The Supreme Court said so in its opinion on transfer, in the following language:

"A construction of the constitutional powers of the Highway Commission is not within the purview of the issue on appeal. The intervention statute, § 507.090, alone is involved * * *." State of Missouri ex rel. State High-

way Commission of Missouri v. Hudspeth, supra, 297 S.W.2d loc. cit. 512.

Under the limited scope of review accorded us appellant's right to intervene depends first upon whether appellant has any legally protectable "interest" under § 507.090, subd. 1(2). In our original opinion we pointed out that appellant had no proprietary interest in the subject-matter of the litigation and no justiciable interest which could be asserted in *this* proceeding. In its motion for rehearing appellant claims that it has a *contractual* interest in a proceeding which seeks to limit or restrict the right to direct access to a highway or street located within its municipal boundaries by virtue of § 31, Article IV, Constitution of Missouri, 1945, which reads as follows:

"The commission may enter into contracts with cities, counties or other political subdivisions for and concerning the maintenance of, and regulation of traffic on any state highway within such cities, counties or subdivision."

Appellant says that this condemnation proceeding, in which it is sought to prohibit the right of direct access to the highway, is a proceeding in which police power is exercised; that it is designed to regulate and control traffic on the highway and that appellant has a contractual right in the subject-matter sought to be adjudicated. Appellant does not contend that there is an existing contract between the highway commission and appellant relating to the regulation of traffic in the town, or that in maintaining this condemnation proceeding the commission is acting in contravention of the terms of a contract relating thereto. This record reveals no contract or violation of a contract. We are wholly unable to conceive of any manner in which appellant's contractual rights have been affected by or could be adjudicated in the litigation in which appellant has sought to intervene, and we find that appellant has no contractual interest entitling it to intervene in this proceeding.

Accordingly, the Commissioner recommends that the motion for rehearing and clarification of opinion be overruled.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, appellant's motion for rehearing and clarification of opinion is overruled.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.