OZARK COUNTY SCHOOL DISTRICT R–V OF OZARK COUNTY, Missouri, Plaintiff-Respondent,

v.

M. E. LAY et al., Defendants,

Gainesville Ball Club, Inc., Intervener-Appellant.

No. 8025.

Springfield Court of Appeals.

Missouri.

June 4, 1962.

Robert E. Hogan, West Plains, Paul Boone, Gainesville, for intervener.

Clyde Rogers, Gainesville, for plaintiff.

STONE, Judge.

This is an appeal by Gainesville Ball Club, *Incorporated* (hereinafter referred to as *the corporation*), from an order entered in the Circuit Court of Ozark County on June 15, 1961, denying the corporation's motion to intervene as a party defendant in an action theretofore instituted in said circuit court on March 29, 1961, by Ozark County School District R-V of Ozark County, Missouri (hereinafter referred to as the school district), to condemn a described tract (hereinafter referred to as the tract) as a site for a school building and playground.

Among the defendants in the condemnation proceeding were (a) M. E. Lay and Leona Lay, the *record* owners of the tract *when the condemnation proceeding was instituted,* (b) Gainesville Ball Club described in the school district's petition as "an organization the exact nature of which is unknown," characterized in the corporation's tendered answer as "an unincorporated organization" or "an unincorporated association," and by us hereinafter referred to as *the association,* and (c) O. V. Robbins and O. S. McClendon (hereinafter sometimes referred to as *the trustees*), as trustees of the association. The school district's petition alleged that, *for about twenty years, the association* had been in actual possession of the tract, had controlled its use, had charged admission for entry thereto, and had rented it to other individuals and organizations; and, in paragraph XIII of its tendered answer, *the corporation* substantially admitted these allegations in the petition and then elaborated thereupon by averring that "during all such period of time" *the association* had "maintained, operated and controlled a baseball club, conducted baseball games, athletic sports, exhibitions and a place of amusement and recreation for the general public." By the tendered answer of *the corporation,* we are informed also that, on April 3, 1961 (five days after institution of this proceeding), M. E. Lay and Leona Lay executed and delivered to O. V. Robbins and O. S. McClendon, as trustees of *the association,* a quitclaim deed to the tract

(promptly placed of record) which recited that it was "in lieu of a former deed executed by said grantors about May 27, 1941," and that "the former deed has been misplaced." Hence, it is clear that the trustees of the association *actually owned* the tract when this proceeding was initiated, and that they also became invested with the *record* title thereto *prior to April 17, 1961, the date on which the corporation "was duly incorporated."*

■ On April 27, 1961, the corporation filed its petition for writ of prohibition in the Supreme Court of Missouri [State ex rel. Gainesville Ball Club, Inc. v. Hon. Joe C. Crain, Judge, Docket No. 48844]; and, when cast in that proceeding by denial of its petition on May 8, 1961, the corporation on the same date purported to file an answer in the condemnation proceeding in the circuit court. No motion to intervene having been served, heard or ruled at that time, obviously the corporation could not have lifted itself into the condemnation proceeding or have attained the status of an intervening party therein by the simple expedient of depositing an unauthorized answer in the clerk's office. Rule 52.11(c) (1); Sec. 507.090, subd. 3(1).[1] See Cowan v. Tipton, D.C.Tenn., 1 F.R.D. 694, dealing with identical procedural provisions in Rule 24(c) of the Federal Rules of Civil Procedure. So recognizing, counsel thereafter filed on May 15, 1961, the corporation's motion to intervene; and, although the motion contained no specific request that this be done, apparently the trial court treated the answer theretofore deposited in the clerk's office as being the "pleading setting forth the * * * defense for which intervention (was) sought" [Rule 52.11(c) (1)], which should have accompanied the motion to intervene. Liberally construing the above-cited rule to the end that there may be a just determination of the issue sought to be presented, we similarly regard the deposited answer as having been tendered with the motion to intervene. Rule 41.03.

The corporation concedes that, when the condemnation proceeding was instituted on March 29, 1961, the school district named and joined all proper parties defendant. Millhouse v. Drainage Dist. No. 48 of Dunklin County, Mo.App., 304 S.W.2d 54, 58(6). Indeed, the corporation *then* could not have been made a party defendant, for the state did not breathe life into it until a certificate of incorporation was issued on April 17, 1961. But the corporation's theory has been and is, as stated in paragraph 1 of its motion to intervene, that it became "the successor to Gainesville Ball Club (*the association*) * * * by virtue of certificate of incorporation" issued under "The General Not for Profit Corporation Law" [Chapter 355] and, as stated in paragraph V of its tendered answer, that "this defendant (*the corporation*) is the beneficiary of the trust created by the execution and delivery of the quitclaim deed aforesaid (from the Lays to the trustees on April 3, 1961) * * * and has become the owner in fee simple of said real estate upon coming into legal existence as a corporation as successor to the unincorporated organization referred to as the Gainesville Ball Club (*the association*)." Thus asserting ownership and actual possession of the tract, the corporation boldly declares that "it had an absolute right to intervene and be made a party to the action." Rule 52.11(a); Sec. 507.090, subd. 1.

■ The school district having moved to dismiss the corporation's appeal "from the order and judgment" denying intervention, it may be appropriate to observe here that, since intervention was sought *as a matter of right,* the order was appealable. City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23, 27(1); Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841, 844(7), 845(14); Ratermann v. Ratermann Realty

---

1. Except as otherwise stated, all references to rules are to Missouri Rules of Civil Procedure, V.A.M.R., and all references to statutes are to RSMo 1959, V.A.M.S.

& Inv. Co., Mo.App., 341 S.W.2d 280, 286. See also Kozak v. Wells, 8 Cir., 278 F.2d 104, 108(1).

■ Although the corporation's brief does not specify which of the three numbered clauses of subdivision (a) of Rule 52.11 [Sec. 507.090, subd. 1] it relies upon, certainly neither clause (1) nor clause (3) could have any application [cf. State ex rel. State Highway Commission of Mo. v. Hudspeth, Mo.App., 303 S.W.2d 703, 705] so, of necessity, the corporation must depend upon clause (2) permitting, upon timely application, intervention as a matter of right "when the representation of the applicant's *interest* by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." (Emphasis ours). For intervention as a matter of right under the quoted clause, "it must * * * appear that the petitioning intervener must have (1) an 'interest' in the pending action, and (2) that the representation of such interest 'by existing parties is or may be inadequate,' *and* (3) that intervener 'is or may be bound by a judgment in the action'." State ex rel. Farmers Mutuals Auto. Ins. Co. v. Weber, 364 Mo. 1159, 1163–1164, 273 S.W. 2d 318, 321(2). In emphasizing the first requirement, the Supreme Court of Missouri, en banc, said in the same case that "before a stranger to the record of a pending cause shall be permitted to intervene in such cause * * * it must appear that the petitioning intervener first of all shall have an 'interest' in the pending cause" [364 Mo. loc. cit. 1164, 273 S.W.2d loc. cit. 321] and then proceeded to define "interest" as follows: " 'Interest,' generally, means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action. * * * '(I)nterest' means a direct and immediate claim to, and having

its origin in, the demand made or proceeds sought or prayed by one of the parties to the original action * * *." [364 Mo. loc. cit. 1164, 273 S.W.2d loc. cit. 321(3, 4)] See also Laclede Gas Co. v. Abrahamson, Mo., 296 S.W.2d 100, 102(2), 61 A.L.R.2d 1286.

■ No evidence having been offered or taken on the corporation's motion to intervene, the trial court must have determined the issue of intervention "on the face of the pleadings" [State ex rel. State Highway Commission of Mo. v. Hudspeth, supra, 303 S.W.2d loc. cit. 705]; and, in the absence of sham, frivolity or other such objection, we likewise will look to the *well-pleaded* allegations of the verified motion to intervene and the tendered answer. State ex rel. State Highway Commission of Mo. v. Hudspeth, Mo., 297 S.W.2d 510, 512; State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 336, 208 S.W.2d 257, 261, 2 A.L.R.2d 216. See also Kozak v. Wells, supra, 278 F.2d loc. cit. 109(6–8); Clark v. Sandusky, 7 Cir., 205 F.2d 915, 918 (6, 7); Kaufman v. Wolfson, D.C.N.Y., 137 F.Supp. 479, 481(1); Otis Elevator Co. v. Standard Const. Co., D.C.Minn., 10 F.R.D. 404, 406(4); 2 Barron and Holtzoff, Federal Practice and Procedure, § 603, loc. cit. 406–407. Even so, we can find no well-pleaded "interest" of *the corporation* in this proceeding to condemn the tract beneficially acquired by *the association* some twenty years previously.

■ As we have noted, the tendered answer of *the corporation* affirmatively showed that the trustees of *the association actually owned* the tract when this proceeding was instituted, and that they also became invested with the *record* title thereto *prior to April 17, 1961, when the corporation came into being.* The wholly unexplained action of "three or more natural persons" [Sec. 355.040], unidentified in the record, in organizing *the corporation* under the same name did not terminate or destroy the independent and continued existence of *the association* [Society of Helpers of Holy

Souls v. Law, 267 Mo. 667, 680, 186 S.W. 718, 727(6); Catholic Church v. Tobbein, 82 Mo. 418, 424], did not constitute *the corporation* "the successor" of *the association,* and did not work a transfer or conveyance to *the corporation* of title to, or any interest in, the property or assets of *the association.* Frank v. Drenkhahn, 76 Mo. 508; Catholic Church v. Tobbein, supra, 82 Mo. loc. cit. 425; German Evangelical Protestant Cong., etc. v. Schreiber, Mo., 187 S.W. 845. See also Trustees of McGee Presbytery, etc. v. Unknown Heirs, etc., of Smith, Mo., 232 S.W. 460, 464. And, in the pleaded circumstances of this case, *the corporation* is not aided by its naked averments of *legal conclusions,* unsupported by any *factual allegations,* that it "is the owner" of the tract [Robinson v. Field, 342 Mo. 778, 786, 117 S.W.2d 308, 312(3)] and that it "is the beneficiary of the trust created by the execution and delivery of the quitclaim deed" by the Lays to the trustees of *the association* on April 3, 1961. Compare Tucker v. Diocese of West Missouri, Mo., 264 S.W. 897, 901–902(5, 6); Wilson v. Polk County, 112 Mo. 126, 138, 20 S.W. 469, 472; Piggott v. Denton, Mo.App., 46 S.W.2d 618, 620 (2, 3).

With no pleading or proof either (1) identifying any members of *the association* (excepting only the trustees), or (2) identifying any incorporators or members of *the corporation,* or (3) indicating any common identity of members of *the association* and members of *the corporation,* or (4) suggesting any conveyance by *the association,* either generally of its assets or specifically of the tract, or (5) disclosing any action by or on behalf of *the association* or its members recognizing that *the corporation* had any interest in the tract or any right to appear for or on behalf of *the association,* we are constrained to conclude that *the corporation* showed no title to, or property right in, the tract [German Evangelical Protestant Cong., etc. v. Schreiber, supra; Catholic Church v. Tobbein, supra; Frank v. Drenkhahn, supra]

and thus no interest (within the meaning of that term as employed in Rule 52.11) in the instant condemnation proceeding. Laclede Gas Co. v. Abrahamson, supra. Cases cited by the corporation's counsel [e. g., City Investing Co. v. Davis, Mo., 334 S.W.2d 63, 68(2)], in which the title or property right of a purchaser of land was involved, are not here relevant or persuasive. The trial court did not err in denying the corporation's motion to intervene.

Respondent's motion to dismiss the appeal is overruled and the order denying intervention is affirmed.

RUARK, P. J., and McDOWELL, J., concurs.