STATE of Missouri at the Relation of DOLGIN'S, INC., a Missouri Corporation, et al., Respondents,

v.

Robert G. BOLIN et al., the Board of Adjustment of the City of St. Joseph, Missouri, a Municipal Corporation, Defendants,

Tom Cross, Ron Sokol and Frank Wilcox, Appellants.

No. WD 30851.

Missouri Court of Appeals, Western District.

Oct. 9, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1979.

Application to Transfer Denied Dec. 6, 1979.

Ronald M. Sokol, pro se.

Michael Paul Harris, St. Joseph, for appellants.

Robert A. Brown, John P. Beihl, St. Joseph, for respondents; Brown, Douglas & Brown, St. Joseph, of counsel.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

Denial of a motion to intervene filed by Cross, Sokol and Wilcox (appellants and hereinafter referred to by their respective surnames) in the Circuit Court of Buchanan County lies at the heart of this appeal. The attempted intervention surfaced following a series of contentious proceedings in conjunction with efforts by Dolgin's, Inc., Northridge Estates of St. Joseph, Inc., and Sission Realtors of St. Joseph, Inc. (respondents and hereinafter collectively referred to as Dolgin's) to obtain a building permit for the erection of a retail store building by Dolgin's on a parcel of land in Northridge Estates, a subdivision in St. Joseph, Missouri.

After having its efforts to obtain a building permit thwarted by the Superintendent of Building Regulations, Dolgin's timely appealed to the Board of Adjustment of the City of St. Joseph, Missouri. Following a public hearing held by the Board of Adjustment, during which Cross, Sokol and Wilcox, among others, appeared and testified adversely to Dolgin's, the elusive building permit was again denied. Dolgin's, refusing to take defeat lightly, and obviously unintimidated by the round of defeats it has been handed at the administrative level, pursued review of the matter in the Circuit Court of Buchanan County, Missouri. Dolgin's and the Board of Adjustment and its members were the named parties at the circuit court level and a transcript of the proceedings at the administrative level, along with all exhibits, were certified to the Circuit Court of Buchanan County. The Board of Adjustment and its members were represented by an Assistant City Attorney of St. Joseph, Missouri.

On the morning of and a few minutes prior to the time the matter was scheduled for hearing in the Circuit Court of Buchanan County, Cross, Sokol and Wilcox filed their now highly controversial motion to intervene which was denied by the trial court. The hearing then proceeded as scheduled and when concluded the trial court found that the building permit sought by Dolgin's conformed to applicable zoning

ordinances of the City of St. Joseph and rendered judgment reversing the action taken by the Board of Adjustment and ordering it to forthwith direct the Superintendent of Building Regulations to issue the requested building permit to Dolgin's.

In due course the rebuffed intervenors appealed. Cross, Sokol and Wilcox sought to intervene as a matter of right pursuant to Rule 52.12(a)(2); *"Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." It is well settled that where intervention is sought as a matter of right an appeal will lie from an order denying intervention. *Ozark County School Dist. R–V of Ozark County v. Lay,* 358 S.W.2d 77, 79 (Mo.App.1962).

In their motion to intervene Cross, Sokol and Wilcox alleged that they were "nearby property owners" who would be "directly affected" by the subject of the action before the Circuit Court of Buchanan County, to wit, Dolgin's effort to obtain judicial relief from refusal at the administrative level to issue it a building permit. However, nowhere in their motion to intervene did they ever allege that their interests were not "adequately represented by existing parties", and the only allegation that could be said to even remotely touch upon "representation" was one to the effect "that their [Cross, Sokol and Wilcox] interests will best be served by having the right to personally present their own evidence, testimony, motions and other relevant pleadings . . .".

When the motion to intervene was presented to the trial judge to be ruled upon, counsel for Cross, Sokol and Wilcox was pointedly asked by the trial judge what evidence or matters it was claimed could not be adequately presented by the present parties to the proceedings and counsel for the intervenors was at a loss to respond. As a matter of fact, counsel for the intervenors candidly admitted that from an evidentiary standpoint the intervenors had "expressed their position in the transcript below". Upon further interrogation by the trial judge as to reasons, if any, as to how Cross, Sokol and Wilcox would be adversely affected by not being permitted to intervene, counsel for intervenors "thought" he should be permitted to submit "additional legal argument" to "limit review of the court", a matter addressed and covered by appropriate Supreme Court Rule. Not once did counsel for the intervenors point out with any degree or semblance of specificity wherein or why the interests of Cross, Sokol and Wilcox were or might not be adequately represented by the existing parties to the judicial review invoked with reference to the underlying administrative proceeding. Notwithstanding Dolgin's vigorous objection to the motion to intervene, Cross, Sokol and Wilcox made no effort to introduce any evidence in support of their unverified motion and apparently felt that it spoke for itself.

Section 507.090, RSMo 1949, which bears the caption, "Intervention—when as of right and when permissive—procedure", and former Rule 52.11, which bears the caption "Intervention", have both been superseded by and have culminated in present Rule 52.12, which bears the caption, "Intervention". Paragraph (a) of present Rule 52.12, bearing the sub-caption "Intervention of Right", which is the same as Rule 24(a) of the Federal Rules of Civil Procedure except for the reference to statutes of this state instead of statutes of the United States, reads, as previously noted, as follows: "Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties". Although

Section 507.090, supra, former Rule 52.11, supra, and present Rule 52.12(a) are somewhat differently worded, their meaning and applicability, in essence, have remained true and consistent throughout, as revealed by the following cases dealing with their construction. In conjunction with Section 507.-090, supra, *Ratermann v. Ratermann Realty & Investment Co.,* 341 S.W.2d 280, 288 (Mo. App.1960), had this to say: "Accordingly, the fact that a judgment is or may be binding upon one seeking intervention does not afford a basis for mandatory intervention under § 507.090, subd. 1(2)[1] supra, unless the representation afforded that party is at the same time 'inadequate' as that term is used within the meaning of subsection 1(2) of the statute (citation of cases omitted)." In conjunction with former Rule 52.11, *Ozark County School Dist. R–V of Ozark County v. Lay,* supra, 358 S.W.2d at 80, citing *State ex rel. Farmers Mutuals Automobile Insurance Company v. Weber,* 364 Mo. 1159, 273 S.W.2d 318, 321 (banc 1954), had this to say: "For intervention as a matter of right under the quoted clause,[2] 'it must * * * appear that the petitioning intervener must have (1) an "interest" in the pending action, and (2) that the representation of such interest "by existing parties is or may be inadequate," *and* (3) that intervener "is or may be bound by a judgment in the action".'" The Supreme Court in *City of Bridgeton v. Norfolk & W. Ry. Co.,* 535 S.W.2d 99, 100 (Mo. banc 1976), focusing upon Rule 52.12(a)(2), quoted with approval from *Hobson v. Hansen,* 44 F.R.D. 18, 22 (D.D.C.1968), where, in discussing Rule 24(a)(2), Fed.R.Civ.P., which is identical to Rule 52.12(a)(2), the Federal District Court held: " 'To intervene, then, petitioners must establish, first, that they have an interest in the proceeding, second, that they are "so situated that the disposition of the

action may as a practical matter impair or impede [their] ability to protect" it, and, third, that their interest is not being adequately represented by existing parties.' "

■ Throughout the successive language changes undergone by Section 507.090, supra, and former Rule 52.11, supra, from which present Rule 52.12(a)(2) ultimately evolved, the requirement that one seeking to intervene must establish that his interest was not being adequately represented by existing parties has persistently remained intact. Bluntly put, Cross, Sokol and Wilcox, would-be intervenors in the instant case, although afforded every opportunity to do so, failed to establish that their interests were not being adequately represented by the existing parties (the Board of Adjustment and its members). In fact, a searching probe of this issue by the trial judge with counsel for Cross, Sokol and Wilcox, obviously made in view of counsel's reticence to specifically address the matter, demonstrated that no case for the issue of inadequacy of representation was made.

■ Cross, Sokol and Wilcox seize upon the Board of Adjustment's failure to appeal the decision of the Circuit Court of Buchanan County favorable to Dolgin's as per se demonstrative of inadequate representation. Citing *Wolpe v. Poretsky,* 79 U.S. App.D.C. 141, 142, 144 F.2d 505, 506 (D.C. Cir. 1944)[3] *cert. denied* 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621, Cross, Sokol and Wilcox rigidly insist that the failure to appeal ipso facto constituted ineffective and inadequate representation. *Wolpe* stops considerably short of the extreme meaning which Cross, Sokol and Wilcox seek to read into it. The court in *Wolpe,* at 507, out of a proper sense of caution, temperately observed that "[w]e do not go so far as to hold that adequate representation requires an

[1]. Section 507.090.1(2), RSMo 1949: "Upon timely application, anyone shall be permitted to intervene in an action . . . (2) [w]hen the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

[2]. Former Rule 52.11(2): "[w]hen the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

[3]. Cited in the dissenting opinion in *City of Bridgeton v. Norfolk & W. Ry. Co.,* 535 S.W.2d 99, 104 (Mo. banc 1976).

**110**

appeal in every case", and then went on to emphasize that the administrative body which failed to appeal in the case there at hand was "charged with arbitrary and capricious action". Cross, Sokol and Wilcox do not contend that the Board of Adjustment acted in bad faith or in an arbitrary or capricious manner in not appealing the decision rendered by the circuit court in favor of Dolgin's. Nor have they convincingly demonstrated the existence of any ground or grounds upon which the Board of Adjustment should have lodged an appeal so as to otherwise have given at least a minimal tone of credence to their present contention that the Board of Adjustment's failure to appeal inexorably speaks of inadequacy of representation. From beginning to end Cross, Sokol and Wilcox, with respect to their theme of inadequacy of representation, have dealt in nothing more than sweeping generalities and cursory conclusions, whose frailties are patent. This court rejects the view advanced by Cross, Sokol and Wilcox—that mere failure to appeal ipso facto demonstrates inadequate representation within the purview of Rule 52.-12(a)(2)—as it is wanting for support in both law and logic. To subscribe to such an inflexible view would be a step towards encouraging frivolous appeals.

An additional point raised by Cross, Sokol and Wilcox on appeal, and a motion by them to strike certain "allegations" and "arguments" in Dolgin's brief which was taken with the case, have all been rendered moot by reason that the issue written upon is dispositive of the appeal.

Judgment affirmed.

All concur.