This matter came before this court by way of a petition for a writ of mandamus. The materials submitted to this court indicate that in April 2010, following the birth of E.R.H. ("the child"), the Etowah County Department of Human Resources *Page 2 
("DHR") filed a petition in the Etowah Juvenile Court ("the juvenile court") alleging that the child was dependent. In its dependency action, DHR alleged that the child's mother was facing criminal charges related to the death of one of the child's siblings and that G.H., the child's father, had tested positive for the use of illegal drugs and prescription medications for which he did not have a prescription. The juvenile court entered an order finding the child dependent.
The allegations of the parties indicate that DHR began working with the father toward reunification with the child. A DHR court report prepared for an October 28, 2010, review hearing indicates, among other things, that the father had not been compliant with goals established by DHR and that the social worker assigned to the child's case recommended that DHR file a petition to terminate the parents' parental rights to the child.[1]
While the dependency action was pending in the juvenile court, J.A.W. and T.L.W., the child's foster parents, filed an *Page 3 
action in the Etowah Probate Court ("the probate court"), seeking to adopt the child. On November 18, 2010, the probate court entered an interlocutory order of adoption in which it granted custody of the child to the foster parents, scheduled a final dispositional hearing for December 30, 2010, and ordered that notice of the adoption proceeding be served pursuant to § 26-10A-17, Ala. Code 1975. The father filed a contest to the adoption proceeding in the probate court.
On December 20, 2010, the father filed in the juvenile court a motion seeking to enjoin the foster parents from proceeding with the adoption action then pending in the probate court. In that motion, the father alleged, among other things, that he was "fully cooperating" with the reunification goals established by DHR and that, at the last review hearing, the juvenile court had denied a recommendation that DHR be allowed to seek the termination of his parental rights. The father did not file a similar motion in the probate court.
On the same day the father filed his motion to enjoin the foster parents from proceeding in the probate court, the juvenile court entered an order purporting to enjoin the *Page 4 
foster parents from "proceeding with the adoption [action] filed" in the probate court and purporting to order the foster parents to cooperate with DHR's efforts to reunite the father and the child. In that December 20, 2010, order, the juvenile court also specified that the foster parents' failure to comply with that order would result in a contempt finding.
The parties agree that the probate court received evidence at the scheduled December 30, 2010, dispositional hearing in the adoption action and that the foster parents participated in that hearing. On December 30, 2010, the probate court entered a judgment approving the foster parents' adoption of the child. The father did not seek appellate relief from the probate court's judgment approving the adoption. We make no conclusion as to the propriety of the probate court's judgment approving the adoption.
In their petition for a writ of mandamus to this court, the foster parents seek a determination that the juvenile court lacked jurisdiction to enter its December 20, 2010, order purporting to enjoin them from proceeding with their adoption action in the probate court. Although the foster parents filed a petition for a writ of mandamus in this court, *Page 5 
the proper method of obtaining review under these circumstances is by taking an appeal. Ex parte State Pers. Bd., 45 So. 3d 751,754 (Ala. 2010) (holding that appeal is the appropriate method of appellate review when the activity of a nonparty has been enjoined). Accordingly, this court has elected to treat the foster parents' petition for a writ of mandamus as an appeal.
The foster parents raise several issues. However, we conclude that their jurisdictional argument is dispositive. Under certain circumstances, a juvenile court may enter an order "restraining the conduct of any party over whom the juvenile court has obtainedjurisdiction." § 12-15-131, Ala. Code 1975 (emphasis added).[2]
The foster parents argue that the juvenile court lacked jurisdiction over them because, they contend, they were not parties to the dependency action pending in the juvenile court. *Page 6 
The State Judicial Information System ("SJIS") report for the dependency action indicates that the foster parents' attorney filed a notice of appearance in the juvenile court. However, the foster parents did not move to intervene in the dependency action, and no party to the dependency action sought to join the foster parents as parties. Nothing in the SJIS indicates that the juvenile court entered any order making the foster parents parties to the dependency action pending in the juvenile court.
The father concedes in his submissions to this court that the foster parents were not parties to the dependency action in the juvenile court. However, he contends that the foster parents were "voluntary participants" in the reunification process designed by DHR and in the juvenile court proceedings arising from DHR's dependency petition. Thus, the father argues, the foster parents "availed themselves" of the juvenile court's jurisdiction. We cannot agree.
As the foster parents point out, in B.V. v. Macon CountyDepartment of Human Resources, 14 So. 3d 171, 175
(Ala. Civ. App. 2009), this court held that foster parents who had failed to intervene in a dependency action were not parties to that *Page 7 
action. See also Duncan v. First Nat'l Bank ofJasper, 573 So. 2d 270, 273-74 (Ala. 1990) (appellants who did not intervene in an action were not parties before the trial court); Committee Comments on 1973 Adoption of Rule 24, Ala. R. Civ. P. ("An order authorizing intervention is, of course, necessary before the would-be intervenor becomes a party. Cowan v. Tipton,1 F.R.D. 694 (E.D. Tenn. 1941).").
In Ex parte State Personnel Board, supra, the State Personnel Board sought to intervene in an action by employees of the State based on claims pertaining to a deferred-compensation plan; that action named as a defendant, among others, the Alabama State Employees Association. The trial court did not grant the Board's motion to intervene, but it entered, among other things, an order purporting to restrict the Board's authority to issue certain discovery subpoenas related to the litigation. The Board filed a petition for a writ of mandamus. Our supreme court noted that the Board had not been allowed to intervene in the trial court and, therefore, held that the Board was not a party to the litigation below. Accordingly, the supreme court concluded that, because the Board was not a party to the litigation *Page 8 
pending in the trial court, the trial court "had no authority to restrict the Board's actions through the discovery process." Exparte State Pers. Bd., 45 So. 3d at 755.
In this case, it is undisputed that the foster parents were not parties to the dependency action in the juvenile court.See B.V. v. Macon County Dep't of Human Res., supra. Accordingly, we conclude that the juvenile court did not have jurisdiction to enter its December 20, 2010, order purporting to enjoin the actions of the foster parents. Ex parte State Pers.Bd., supra. When a court lacks jurisdiction over a person, any order directed at that person is void. Ex parte Full CircleDistrib., LLC, 883 So. 2d 638, 644 (Ala. 2003); M.M. v.B.L., 926 So. 2d 1038, 1042 (Ala. Civ. App. 2005). A void order or judgment will not support an appeal. Jones v. Sears,Roebuck Co., 342 So. 2d 16, 17 (Ala. 1977); M.M. v. B.L., supra. Accordingly, we dismiss the appeal and instruct the juvenile court to vacate its December 20, 2010, order.
APPEAL DISMISSED WITH INSTRUCTIONS.
Pittman and Bryan, JJ., concur.
Thomas and Moore, JJ., concur in the result, without writings.
[1] At the time of that court report, the mother had been sentenced to several prison terms for felony charges related to the death of the child's sibling, including a 20-year sentence for aggravated child abuse.
[2] The foster parents also point out that § 12-15-131 requires that they be afforded notice of the father's motion and an opportunity to be heard on that motion; they contend they were afforded neither. However, because we resolve this appeal on other grounds, we pretermit discussion of that issue. *Page 1