O. G. BYERS et al., Appellants, v. C. E. WEEKS, Respondent.

Kansas City Court of Appeals, February 1, 1904.

1. **ADMINISTRATION: Discharge: Administrator De Bonis Non.** When an administrator has fully administered an estate and been discharged whether upon the discovery of additional assets, an administrator *de bonis non* may be appointed, *quaere*.

2. ————: **Partnership Estate: Administrator: Statute.** Under the statute a partnership estate can only be administered by the surviving partner or the administrator of the deceased partner.

3. ————: **Descent of Personal Property: Title: Heir: Action.** The rule that personal property descends to the administrator is an invention for the convenience and benefit of creditors and his title is only a qualified one, the heir at all times having

an equity in such property, and when the administrator fails to administer on the partnership estate and is discharged the heir may maintain an action in equity therefor.

4. EQUITY: Adequate Remedy: Action. When there is no adequate remedy at law in the very nature of things equity affords a remedy.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

REVERSED AND REMANDED.

*Shannon & Shannon, Thomas & Hackney* for appellants.

(1) The facts stated in the petition exclude all the contingencies under which an administrator *de bonis non* may be appointed, and, therefore such an administrator can not be appointed. R. S. 1899, sec. 46; Graystone v. Weddell, 63 Mo. 539. (2) The petition affirmatively showing that the administrator of the individual estate never brought the partnership estate into his administration, it follows that no bond for that purpose was even given by him as required by law. Plaintiffs therefore had no legal redress by suit upon such bond. Rev. Stat. 1899, sec. 61; Howell v. Jessup, 104 Mo. 453. (3) Heirs of deceased partners may sue the surviving partner in such cases as shown by the petition herein. 15 Enc. Pleading and Practice, p. 1072; Goebel v. Foster, 8 Mo. App. 443; Ravenscroft v. Pratt, 22 Kans. 20; Valentine v. Wyser, 123 Ind. 47; Rosenweig v. Thompson, 66 Md. 593; Blake v. Barnes. 63 Hun (N. Y.) 633; s. c., 18 N. Y. Sup. 471; Hyer v. Burdett, 1 Edw. Ch. (N. Y.) 325; Travis v. Milne, 9 Hare 141; Stainton v. Carron Co., 18 Beav. 157; Seeley v. Boehm, 2 Madd. 176; Newland v. Champion, 1 Ves. 105; Davies v. Davies, 2 Keen 534; Hutton v. Laws, 55 Iowa 710; Harrison v. Righter, 11 N. J. Eq. 389.

*H. W. Curry,* with whom is *Howard Gray,* for respondent.

(1)   It is the established law of this State that on the death of the owner, personal property descends to his or her personal representative, and the title to real estate vests in the heir.   The heir can receive his distributive share of the personalty of his ancestor only through the channels of administration.   Adey v. Adey, 58 Mo. App. 408; McMillan v. Wacker, 57 Mo. App. 220; 1 Woerner, American Law of Administration (2 Ed.), star sec. 431, sec. 200, p. 460.   (2)   The partnership estate was a separate and distinct estate; it could not be administered with, or as part of the individual estate of J. H. Byers, and there has never been any impediments in the way of administering the same. Orrick v. Aahey, 49 Mo. 428; Matney v. Gregg Bros., 19 Mo. App. 107; State ex rel. Richardson v. Withrow, 141 Mo. 69.   (3)   On a showing that the estate of J. H. Byers has closed, and the administrator discharged, and, that there are unadministered assets the probate court would have jurisdiction to appoint an administrator *de bonis non* on the estate of J. H. Byers.   Howell v. Jump, 140 Mo. 441; Scott v. Crew, 72 Mo. 261; Rogers v. Johnson, 125 Mo. 202; Francisco v. Wingfield, 161 Mo. 542.

BROADDUS, J.—The petition is in equity by the heirs at law of J. H. Byers, deceased, against defendant alleging that said deceased and defendant were partners during the lifetime of the former engaged in the mercantile business; that on the death of Byers an administrator was appointed who duly administered his estate, made final settlement, was discharged from his trust as such, and the debts of the intestate were paid; that said administrator was prevented from taking charge of the partnership estate by the representations

of defendant that the partnership had been dissolved previous to the death of said Byers after a complete and final settlement, and that he had paid him his full share of said partnership; that said representations were untrue and made to defraud said administrator and the plaintiffs; and that in fact there never had been an accounting, as stated, during the lifetime of said Byers, and no dissolution of the said partnership. Plaintiffs state that the accounts of said partnership are voluminous and complicated, and asks for a decree of accounting and settlement of the partnership. To the petition the defendant interposed a demurrer which the court sustained, and plaintiffs refusing to further plead, judgment was rendered against them and they appealed.

The question presented is, whether the heirs at law of the deceased can maintain this action? As a rule, "the title to personal property passes to the administrator or executor, and he only can sue for the property on an injury thereto." Smith v. Denny, 37 Mo. 20. "On the death of the owner personal property descends to his legal representative, though he leaves no debts and the claimant is his sole distributee." Adey v. Adey, 58 Mo. App. 408. "Personal property passes to the administrator, and he alone, and not the heir, has a right to the possession thereof, and can alone sue therefor, unless the probate court dispenses with any administration." McMillan v. Wacker, 57 Mo. App. 220.

The contention of the plaintiffs is, that the facts stated in the petition exclude every contingency under which an administrator de bonis non may be appointed. Section 46, Revised Statutes 1899, only provides for administrators de bonis non where executors or administrators of an estate die, resign, or their letters are revoked. Said section is silent in regard to a case of final settlement and discharge. See Grayson v. Weddell, 63 Mo. 523. Section 61, idem, provides that

on the death of one partner the surviving partner shall, within thirty days after the granting of letters on the estate of the deceased partner, give the bond required of him as administrator of the partnership estate, and in case he neglects or refuses to do so, the executor or administrator of the deceased partner shall, by complying with the provisions of the section, administer the partnership estate. It is argued, that as there is no statutory authority, under the facts stated in the petition, for the appointment of an administrator *de bonis non* of the estate of the deceased, there is no way in which the partnership estate can be administered, therefore the remedy alone is by resort to a court of equity in the name of the heirs.

It seems that the statute fails to provide for the administration of a partnership estate except, either by the surviving partner or by the administrator of the surviving partner. The surviving partner having failed to administer the partnership estate and having administered the deceased partner's estate, made final settlement and received his discharge, it seems to us in the absence of authority that the office of such administraton was *functus officio,* and that the defunct was beyond the power of resurrection. But the Supreme Court in Howell v. Jump, 140 Mo. 453, held that under certain circumstances an administrator *de bonis non* could be appointed after final settlement of the administrator. In that case, debts amounting to several hundred dollars had been allowed against the estate, only eighty-nine per cent of which had been paid, and the land which was subject to the widow's dower had not been sold. Held: "These facts gave the court jurisdiction to appoint an administrator *de bonis non.* The appointment was regularly made and can not be attacked in this collateral proceeding." In Rogers v. Johnson, 125 Mo. 202, there had been a final settlement. But the court said: "It must, however, be presumed in the absence of anything being shown to the

contrary that the estate had not been fully adminis-
tered and the order appointing J. C. Woody adminis-
trator *de bonis non* was legally and properly made.''

In the former case the holding rests upon the facts
that the debts of the estate were unpaid and of remain-
ing assets unadministered, and because the appointment
had been regularly made and could not be attacked
collaterally. In the Rogers case, upon the presumption
that the estate had not been fully administered and
that the appointment could not be attacked collaterally.
One holding that the estate had not been wholly
administered and the other the presumption that
it had not. There can, of course, be no presumption in
this case for the demurrer admits that all the debts
have been paid; that no administrator *de bonis non*
has been appointed; and that there is personal prop-
erty of the deceased in defendant's hands which he has
not accounted for. And it may be true that if the pro-
bate court at this late day should appoint such an ad-
ministrator, its action would be upheld if attacked in a
collateral proceeding, yet we are confident that it could
not be sustained in a direct attack on appeal from such
order. And it may even be conceded that when there
are no debts owing by the deceased that an administra-
tor should be appointed in the first place to collect the
assets and distribute them to the heirs at law. But it
does not necessarily follow that in no event can the
heirs at law sue to recover the personal estate of their
ancestor.

If the defendant has an unsettled partnership es-
tate in his hands which he has failed to administer and
for which he has failed to account, and which the de-
ceased partner's administrator failed to administer
while in office, and there being no authority to appoint
an administrator *de bonis non,* the plaintiffs have the
right to sue in their own name as heirs at law. The
rule that personalty descends to the administrator is
but a fiction of law invented for convenience and the

benefit of creditors. His title is not absolute, it is a qualified one. He holds as trustee merely for creditors and distributees. And when the debts of the estate are paid, the residue by law descends to the heir at law. The heir at all times has an equity in such property subject to the trust title of the administrator. In Harrison v. Righter, 11 N. J. Eq. 389, it was held that notwithstanding the general rule that an heir at law could not compel the surviving partner of an estate to account, yet under certain circumstances he might do so. See also, Bowsher v. Watkins, 1 Russ. & M. 277; and Holland v. Prior, 1 Mylne & Keene, 237. We have not sought to find a case strictly parallel with this, and if we had, perhaps, the search would have been in vain. But the principle is clear enough that when no legal remedy exists, equity will afford one in the interest of justice. There being no legal remedy in the very nature of things equity affords a remedy.

Reversed and remanded. All concur.