**FARMLAND IRRIGATION COMPANY,**
Inc., a corporation, Appellant,

v.

George **DOPPLMAIER,** Appellee.

No. 13659.

United States Court of Appeals,
Ninth Circuit.

March 8, 1955.

Naylor & Lassagne, San Francisco, Cal., Theodore H. Lassagne, L. R. Geisler, Portland, Or., for appellant.

Maguire, Shields, Morrison & Bailey, Portland, Or., Lippincott & Smith, San Francisco, Cal., for appellee.

Before POPE and CHAMBERS, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

Darrel C. Mansur entered into a license agreement with Stout Irrigation, Inc., an Oregon corporation, granting the latter the right to manufacture and sell certain irrigation apparatus. Appellee George Dopplmaier of Rio Linda, California, is the assignee of the rights of Darrel C. Mansur under that license agreement. A dispute having arisen between Dopplmaier and Stout Irrigation, Inc., as to the amount of royalties due under the license agreement, Dopplmaier, on June 6, 1951, filed a complaint for an accounting in the United States District Court for the District of Oregon. On October 8, 1951, the defendant Stout Irrigation, Inc. filed its answer.

Thereafter, on May 22, 1952, the appellant Farmland Irrigation Company,

Inc. filed a "Motion to Intervene as a Defendant", supported by an affidavit of its vice-president, setting forth that on February 1, 1952, Farmland Irrigation Company, Inc., by contract, acquired all of the assets and bound itself contractually to assume all of the liabilities of Stout Irrigation, Inc., including any liability which might be adjudged against Stout Irrigation, Inc. in this action. It was further alleged that the representation of the interest of Farmland Irrigation Company, Inc. by the existing defendant Stout Irrigation, Inc. would be inadequate; that Farmland Irrigation Company, Inc. was a corporation duly organized and existing under the laws of California and duly qualified to do business in the State of Oregon.

A "Motion of Intervening Defendant to Dismiss" was filed in behalf of Farmland Irrigation Company, Inc. concurrently with its motion to intervene. The motion to dismiss was based on the ground that it was an indispensable party to the action and that its intervention as a defendant would destroy the previously existing diversity of citizenship, causing the court to lose jurisdiction to proceed in the action and requiring a dismissal. This motion was properly treated by the District Court as contingent upon allowance of the motion to intervene and as becoming moot with its denial. By an order entered November 10, 1952, the District Court denied the motion to intervene. This appeal is from that order.

■ Where intervention is sought as a matter of right, an order denying the motion to intervene is appealable. People of State of California v. United States, 9 Cir., 1950, 180 F.2d 596.

The applicable provisions of Fed.Rules Civ.Proc. rule 24(a), 28 U.S.C.A. provide: "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

■ Essential to an absolute right of intervention in accordance with Rule 24 (a) is a showing by the applicant for intervention of the existence of both the conditions stated by the Rule, i. e. inadequate representation by existing parties and a judgment that is or may be binding in the action. A showing that an applicant for intervention will be bound by a judgment in the action is not in itself sufficient to confer upon such applicant a right to intervene; it must also be shown that representation of the applicant's interest by existing parties is or may be inadequate. MacDonald v. United States, 9 Cir., 1941, 119 F.2d 821, 827; Tachna v. Insuranshares Corporation of Delaware, D.C.Mass.1938, 25 F. Supp. 541, 542.

■■ Farmland assumed the liabilities of Stout and therefore Stout will have a right of action over against Farmland to recover the amount of any judgment that may be rendered against it in its action with Dopplmaier. Appellant asserts that it will be bound by such judgment on the authority of Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 329, 16 S.Ct. 564, 40 L.Ed. 712, which states the law to be that a judgment against a defendant who has a right of action to recover over against a third party is conclusive upon the latter provided he has notice and an opportunity to defend. Since all three factors, viz., right of action over, notice and opportunity to defend, are present, a judgment rendered in the action between appellee and Stout will be conclusive upon the appellant. The requirement of Rule 24(a) that the applicant for intervention "is or may be bound by a judgment in the action" is therefore satisfied.

The other requirement of Rule 24(a) is a showing by an applicant for intervention that the representation of his interest by existing parties is or may be inadequate. On this point Moore [1] states: "Inadequacy of representation is

1. Moore's Federal Practice, § 24.07, at page 2333.

shown if there is proof of collusion between the representative and an opposing party, if the representative has or represents some interest adverse to that of the applicant for intervention, or fails because of nonfeasance in his duty of representation." See also comments of Moore and Levi on the right to intervene under former Equity Rule 37 in 45 Yale L.Journal 565, 592. An example of adverse interest is found in the case of United States v. C. M. Lane Lifeboat Co., Inc., D.C.N.Y., 1938, 25 F.Supp. 410, 411, where the court found inadequate representation because the applicant for intervention and the attorney representing his interests were not on friendly terms.

In the case at bar, the appellant makes no charge of fraud or collusion nor does it charge Stout with an adverse interest. Comparing the answer of Stout with the answer that appellant filed with its motion to intervene, it is clear that the same defense will be presented whether or not the appellant is a formal party to the record. Indeed, not only would the defense of appellant be the same as Stout's, but also the attorneys who would present the defense. In addition, the docket entries reveal that these attorneys have diligently pursued the defense of the action on behalf of Stout, which negatives any possible contention of nonfeasance.

The pleadings filed by appellant with its motion to intervene included a counterclaim in which it is alleged that a justiciable controversy exists between Farmland and Dopplmaier in that Dopplmaier has failed and refused to recognize Farmland as the successor to the rights of Stout under the license agreement referred to above. Appellant asserts that it is for the purpose of securing adjudication of that issue that it seeks to intervene, since it cannot secure such adjudication without intervention even by openly and avowedly controlling the defense of Stout. It is too clear for argument that the question of whether appellant is entitled to be adjudged successor to Stout is separate and distinct from the question of whether moneys are owing to Dopplmaier under his claim for an accounting. If the appellant were entitled to intervene because of inadequate representation of its interest in appellee's claim for an accounting, it might be that the issue raised in its counterclaim could be adjudged in the same proceeding. But it is the inadequate representation of its interest in the claim for an accounting, and not its interest in the counterclaim, that gives rise in the first instance to the right to intervene, for it is with respect to only such former interest that a judgment could result by which the appellant would be bound.

Not only is there no showing that the representation of appellant's interest in the original action is inadequate, but the record demonstrates the contrary to be true. The trial court's order denying the motion to intervene is affirmed.