STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

E. G. HUDSPETH et al., Defendants,
Town of Norwood Court, Intervenor-
Appellant.

No. 45265.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1957.

Erwin F. Vetter, E. Gary Davidson,
Clayton, for intervenor-appellant.

Robert L. Hyder, Bruce A. Ring, Jeffer-
son City, for respondent.

STORCKMAN, Judge.

The Town of Norwood Court, a mu-
nicipal corporation, has appealed from the
order of the Circuit Court of St. Louis
County overruling its motion to intervene
in a condemnation action.

The petition in condemnation was filed January 20, 1955, by the State Highway Commission for the purpose of acquiring certain "lands, properties and rights" in St. Louis County for highway purposes. The petition further prays for the appointment of commissioners "to ascertain and assess the damages, if any, which the owners of said parcels of land or interests therein may sustain and the just compensation, if any, to which they may be entitled in consequence of the construction and maintenance of the public improvements described" in the petition.

On July 19, 1955, the Town of Norwood Court filed its motion to intervene as a party defendant, which motion reads as follows:

"Comes now petitioner herein, the Town of Norwood Court in the County of St. Louis, Missouri, an incorporated municipality located within said County, and moves the Court to enter its order authorizing petitioner to intervene herein as a party defendant for the following reasons, to-wit:

"1. Petitioner states that the representation of the applicant's or petitioner's interest in this proceeding by existing parties defendant is, or may be, wholly inadequate for the protection of the public interest, the public safety and public welfare of the residents and citizens of the Town of Norwood Court and the residents and citizens of the County of St. Louis, Missouri, your petitioner or applicant herein.

"2. Petitioner or applicant herein, the Town of Norwood Court, specifically states that it is, or may be, bound by a judgment or order in the within action adversely affecting its legal rights, powers and authority and adversely affecting the public interest, safety and welfare of the residents and citizens of the Town of Norwood Court residing within St. Louis County.

"3. Petitioner or applicant herein states that the highway proposed to be constructed as shown on the plans and profile filed of record and made a part of these proceedings is located within the Town of Norwood Court and traverses through said Town for a distance of approximately one-half (½) mile or eight (8) city blocks.

"4. Petitioner states that the Answer of defendant E. G. Hudspeth filed in the within proceedings alleges that the construction of said highway as proposed is in violation of Ordinance 15 of the Town of Norwood Court which prohibits the construction of a street or state highway within said Town of Norwood Court which shall extinguish access to, from, or across such street or highway.

"5. Petitioner states further that said Ordinance 15 of the Town of Norwood Court specifically declares that said Ordinance was adopted to 'prevent public calamity and to maintain the public welfare and provide freedom of movement of fire apparatus, police vehicles and law enforcement agencies or officers.'

"6. Petitioner states that the validity of said Ordinance, duly adopted by the Town of Norwood Court, a governmental subdivision of the State of Missouri, is drawn into question and that said Ordinance and the violation thereof affects the public interest, the public safety and the public welfare of the citizens of the Town of Norwood Court in St. Louis County, Missouri.

"Petitioner states that neither the Town of Norwood Court nor any of its officers, agencies or employees thereof are now a party to this proceeding."

On September 30, 1955, the motion to intervene, having been theretofore submitted and duly and fully considered, was overruled by the court. On October 7, 1955, the Town filed its notice of appeal to this court.

Appellant's motion to intervene was accompanied by a pleading as provided by §

**512**

507.090, Subd. 3(1), RSMo 1949, V.A.M.S. The pleading, denominated an answer, is quite extensive, consisting of 24 separately numbered paragraphs; however, it contains no prayer for relief. Due to the limited issue on this appeal it is not necessary to set out the allegations of the answer in detail. It is sufficient to note that the answer denied the right and authority of the State Highway Commission to proceed with the condemnation action and also contended that the plan of highway construction proposed was in violation of law and endangered the lives, property, safety and general welfare of the citizens of the Town of Norwood Court and of St. Louis County. The proposed construction was alleged to violate various provisions of the constitution of Missouri and of the United States, as well as Acts of the Congress of the United States and two ordinances of appellant.

The sole question presented on this appeal is whether the appellant on the face of the record has an absolute and unconditional right to intervene in the condemnation action. Its notice of appeal states that the appeal is taken from "The order and final judgment * * * denying intervenor defendant, upon application, the unconditional right to intervene." The first of appellant's "Points and Authorities" is: "Under paragraph 1 of Section 507.090, V.M.S.A. (sic), it was mandatory upon the Court to grant Appellant's application to intervene, there being no restriction in the statute upon this right in a condemnation proceeding." Three other separately numbered assignments under the Points and Authorities deal with questions sought to be raised by the pleadings tendered with the motion to intervene. The merits of the controversy between the State Highway Commission and the Town of Norwood Court were not determined by the trial court and therefore cannot be involved on appeal. The appellate question is limited to whether the appellant has a mandatory right to intervene. But first we must determine our jurisdiction.

■ There is a section entitled "jurisdiction" in the statement portion of appellant's brief. It charges that the acts and conduct of the State Highway Department are unwarranted, arrogant and oppressive and a deliberate challenge to the right of a municipal government to exercise its police power and that "a construction and clarification of the powers conferred upon Respondent under Section 29, Section 30 and Section 31 of Article IV of the Constitution of 1945" is required. This is more of argument than statement and bears no resemblance to the kind of jurisdictional treatise called for by our Rule 1.08(a) (1), 42 V.A. M.S.

A construction of the constitutional powers of the Highway Commission is not within the purview of the issue on appeal. The intervention statute, § 507.090, alone is involved and its constitutionality has not been questioned. Our examination of the record and our research have failed to reveal any basis for the exercise of our jurisdiction.

■ The State Highway Department is not a state officer or a political subdivision of the state within the meaning of the constitutional provisions, § 3, Article V, V.A. M.S., so as to give this court jurisdiction. State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W.2d 37, 38 [4]; Christeson v. State Highway Commission, Mo., 40 S.W.2d 615; Wheat v. Platte City Ben. Assessment Special Road Dist. of Platte County, 330 Mo. 1245, 52 S.W.2d 856.

■ Further, title to real estate is not involved in the constitutional sense. State ex rel. State Highway Commission v. Day, supra, 35 S.W.2d 35, 36. The transcript does not affirmatively show any amount in dispute.

■ The fact that the appellant is a municipal corporation does not lodge jurisdiction here. It is well established that a municipal corporation is not a political

subdivision of the state within the meaning of the constitutional grant. Long v. City of Independence, 360 Mo. 620, 229 S.W.2d 686; City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372.

■ The only question properly raised on appeal is a narrow one and does not involve a construction of the constitution of this state, nor does it invoke any other jurisdictional ground of this court. See also City of St. Louis v. Dietering, Mo., 19 S.W.2d 882.

The record does not establish appellate jurisdiction in this court and it is therefore ordered that the appeal be transferred to the St. Louis Court of Appeals.

EAGER, P. J., and BROADDUS, Special Judge, concur.

LEEDY, J., not sitting.